UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-63258-CIV-SINGHAL

N. AINE HERMOGENE,

Petitioner,

v.

WARDEN OF BROWARD TRANSITIONAL CENTER, *et al.*,

Respondents.
_______________________________________/

**ORDER DENYING PETITION FOR HABEAS CORPUS**

**THIS CAUSE** is before the Court upon Petitioner's Petition for Writ of Habeas Corpus (the "**Petition**"). (DE [1]). The Court has reviewed the Petition and is otherwise fully advised. For the following reasons, the Petition (DE [1]) is **DENIED**.

Petitioner is a Haitian native who presented himself for admission at the port of entry at Hidalgo, Texas, on April 22, 2024. *Id.* ¶¶ 4–5. Petitioner was denied admission and concedes he was—at least in that moment—subject to mandatory detention under 8 U.S.C. Section 1225. *Id.* ¶ 5. Immigration authorities immediately initiated removal proceedings against Petitioner but released him into the United States on a two-year parole while he pursued relief under the Convention Against Torture. *Id.* ¶¶ 5, 50–51. Petitioner has since held a job and is father to two U.S. citizen children, a son and a daughter who was scheduled to be delivered via c-section yesterday, November 19, 2026.[1] *Id.* ¶ 56. But on October 9, 2026—well past the two-year parole he was granted—

[1] The Court hopes that Petitioner's daughter was delivered safely and in perfect health. Although the Court is unable to release Petitioner, it congratulates him on his little girl and wishes the best for them both.

Petitioner remained in the country and was apprehended and detained by immigration authorities, who placed him in mandatory detention under Section 1225. *Id.* ¶ 55.

Petitioner argues that since he was apprehended in the interior that he is subject to 8 U.S.C. Section 1226(a)—not Section 1225[2]—and is entitled to a bond hearing. *Id.* ¶¶ 58–59. He further argues that his detention violates due process. *Id.* ¶¶ 60–64. Although Petitioner's circumstances are sympathetic, the law—at least as this Court reads it—authorizes his mandatory detention. Indeed, Section 1226(a) does not apply because the revocation of Petitioner's parole returned him to the custody status from which he was paroled—*i.e.*, mandatory detention under Section 1225. *See Prado López v. U.S. Immigr. and Customs Enf't and Removal Ops.*, --- F. Supp. 3d ----, 2026 WL 3131833 (S.D. Fla. 2026) (Singhal, J.) (holding revocation of parole returned parolee to prior custody status under section 1225(b)(2)); *Mesadieu v. U.S. Immigr. and Cust. Enf't*, --- F.Supp.3d ----, 2026 WL 2792854 (S.D. Fla. 2026) (Kuntz J.) (same).

Petitioner's due process argument likewise fails. Because Petitioner was paroled into the United States pending removal proceedings, he is treated as if stopped at the border and maintains no due process rights beyond what Congress has authorized by statute. *See Hernandez v. Dep't of Homeland Sec.*, 2026 WL 1139550, at *1 (S.D. Fla. Apr. 27, 2026) (quoting *Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 139 (2020)) (Singhal, J.). Since Congress has authorized only mandatory detention under

[2] Although Petitioner references Section 1225(b)(1)—*i.e.*, expedited removal—in Count I, *see* (DE [1] ¶¶ 58–59), he offers nothing to indicate that Respondents have actually detained him under that provision. Nor could they. *See* § 1225(b)(1)(A)(iii)(II) (excluding previously paroled aliens from expedited removal). Rather, the thrust of Petitioner's argument is that he has been placed in mandatory detention under Section 1225(b)***(2)***, *see id.* ¶ 43 (discussing government's application of Section 1225(b)(2) to aliens who have been neither admitted ***nor*** paroled), so the Court analyzes his detention thereunder. To the extent Petitioner *is* being detained under Section 1225(b)(1), he may more affirmatively allege same in a new petition filed under a new case number. In the event Petitioner files a new petition, he must notify the Clerk of Court that it is related to this case.

Section 1225, mandatory detention satisfies Petitioner's due process rights. *See id.* Because Petitioner's claims fail, it is hereby

**ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED**. The Clerk of Court is respectfully directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 23rd day of November 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF